**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ANWAR A. SMIKLE,**

                 **Plaintiff,**                  1:10-cv-755
                                                                   (GLS/DRH)

        v.

**ALBANY POLICE DEPARTMENT
and ALBANY COUNTY
CORRECTIONAL FACILITY,**

                 **Defendants.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFFS:**<br>Anwar A. Smikle<br>Pro Se<br>60 Jennings Drive<br>Albany, NY 12204 | |
| **FOR THE DEFENDANTS:**<br>*Albany Police Department*<br>Office of Robert P. Roche<br>36 South Pearl Street<br>Albany, NY 12207 | ROBERT P. ROCHE, ESQ. |
| *Albany County Correctional Facility*<br>Thuillez, Ford Law Firm<br>20 Corporate Woods Boulevard<br>6th Floor<br>Albany, NY 12211-1715 | DEBRA J. YOUNG, ESQ.<br>DONALD P. FORD, JR., ESQ. |

**Gary L. Sharpe
Chief Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. Introduction

Plaintiff Anwar A. Smikle commenced this action against the Albany Police Department ("Sheriff's Department")[1] and Albany County Correctional Facility ("ACCF"),[2] collectively "Albany County defendants," pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights under the First, Fifth, Eighth, Ninth and Fourteenth Amendments. (Am. Compl., Dkt. No. 6.) Pending are defendants' motions to dismiss, or, in the alternative, for summary judgment.[3] (Dkt. Nos. 92, 93.) For the reasons that follow, defendants' motions are granted.

## II. Background

### A. Factual History[4]

Plaintiff Smikle alleges that between March 14 and May 20, 2008,

---

[1] Smikle names the "Albany Police Department" as a defendant. (Am. Compl., Dkt. No. 6.) Because no such entity exists, and in light of the allegations, it is presumed that Smikle intended to name as a defendant the Albany County Sheriff's Department.

[2] Albany Medical Center ("AMC"), an original defendant against which Smikle brought state claims, was dismissed from this action on May 16, 2011 following a successful motion to dismiss. (Dkt. No. 79.)

[3] It is unclear to the court why defendants, while admitting that they are but separate arms of the true defendant—Albany County—filed individual and unique motions. This duplication, however, is of no moment to the court's analysis.

[4] The facts presented constitute the court's best effort at cohering Smikle's often disjointed allegations.

while he was detained at ACCF, Dr. Michael A. Saltzman implanted in him a radio frequency identification ("RFID") chip. (Am. Compl., Dkt. No. 6 at 2.) Smikle alleges further that the Sheriff's Department monitored his RFID chip and made his thoughts available to the general public, including placing them on a child hotline. (*Id.* at 2-3.) Included in the information alleged to have been aired publicly were details of Smikle's sexual interactions, his school records, social security number, "federal transcripts, pins, loans, etc." (*Id.* at 3.) As a result of the alleged dissemination, Smikle claims that he was fired from jobs, lost his apartment and failed out of school. (*Id.*) Smikle further alleges that the RFID chip rendered him a witness against himself in a trial and mediation. (*Id.* at 2.)  **B. Procedural History**

In a May 16, 2011 Memorandum-Decision and Order, this court, *inter alia*, denied as premature a summary judgment motion brought by Smikle and denied Smikle's motion to strike defendants' answers. (Dkt. No. 79.)

### III. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008).  When evaluating the material facts, the court "construes all evidence in the light most favorable to the non-moving party, drawing all inferences and resolving all ambiguities in [its] favor." *Amore v. Novarro*, 624 F.3d 522, 529 (2d Cir. 2010).  Thus, the movant must demonstrate the absence of genuine issues of material fact, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999), a burden it can meet "if [it] can point to an absence of evidence to support an essential element of the nonmoving party's claim," *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995).

If the movant satisfies its burden, the nonmoving party must offer specific evidence showing that a genuine issue of material fact warrants a trial.  *See Celotex*, 477 U.S. at 324.  "A 'genuine' dispute over a material fact only arises if the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988) (citation omitted).  Moreover, material disputes must be based on specific facts as reflected in the adverse party's response, by affidavits or as otherwise authorized by Rule 56, *see St.*

4

*Pierre v. Dyer*, 208 F.3d 394, 404 (2d Cir. 2000), and affidavits must be based on personal knowledge, *see Harriscom Svenska, AB v. Harris Corp.*, 3 F.3d 576, 581 (2d Cir. 1993). The bald assertion of some alleged factual dispute will not defeat a properly supported motion. *See Rexnord Holdings, Inc. v. Bidermann*, 21 F.3d 522, 525 (2d Cir. 1994) (citation omitted). "Conclusory allegations, conjecture, and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998). Naturally, reasonable inferences may defeat a summary judgment motion, but only when they are supported by affirmative facts and relevant, admissible evidence. *See* Fed. R. Civ. P. 56(c)(4); *Spinelli v. City of New York*, 579 F.3d 160, 166-67 (2d Cir. 2009). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

## IV.  Discussion

As a preliminary matter, defendants' motions are construed as motions for summary judgment. Per the uniform pretrial scheduling order, discovery ended on September 1, 2011. (Dkt. No. 62.) In accordance with N.D.N.Y. L.R. 7.1(a)(3) and 56.2, Smikle was informed of the

consequences of failing to respond to defendants' motions. (Dkt. No. 92.) In addition to the sufficient notice provided to Smikle by defendants, this court granted him an additional 14-day extension within which to file a response to defendants' motions. (Dkt. No. 97.)

In support of their motions for summary judgment, defendants rely principally on two arguments: (1) that no implantation of an RFID chip occurred; and (2) that the principles of *Monell v. Dep't of Social Serv.*, 436 U.S. 658 (1978) and its progeny shield the County of Albany, a municipality, from liability under 42 U.S.C. § 1983. (Dkt. No. 92, Dkt. No. 93, Attach. 9 at 3-6.) Because Smikle fails to rebut with specific facts defendants' assertion that no chip implantation occurred, the *Monell* issue need not be addressed.[5]

Albany County defendants argue that summary judgment is appropriate because the event underlying each of Smikle's Constitutional claims—implantation of an RFID chip—never occurred. (Dkt. No. 93, Attach. 9 at 5-6.) To support this assertion, defendants cite to the affidavit of ACCF Superintendent Thomas J. Wigger, in which he states that "any

---

[5] While the court need not undertake a *Monell* analysis, defendants may well have prevailed on such an argument at the motion to dismiss stage as Smikle's Amended Complaint is devoid of any argument that his alleged injury resulted from a municipal policy or custom. *Monell,* 436 U.S. at 694.

6

allegation . . . that any device was implanted in any [ACCF] inmate is categorically untrue." (Defs. Statements of Material Facts ("SMF") ¶ 18, Dkt. No. 112; ¶ 18, Dkt. No. 114; Dkt. No. 93, Attach. 8.) Furthermore, defendants note that Smikle's ACCF medical records make no mention of RFID implantation surgery. (Def. SMF ¶ 5, Dkt. No. 112.)

As noted above, a movant may meet its initial burden by pointing to "an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga*, 51 F.3d at 18. By pointing to Wigger's affidavit, Albany County shifts the burden to Smikle to produce specific evidence showing the existence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 324. While Smikle submitted multiple filings in response to defendants' initial statements of material facts, these documents are comprised of conjecture and bald assertions, and are devoid of any "specific" evidence showing that he was implanted with an RFID chip.[6] (Dkt. Nos. 100, 102, 103.) Furthermore, Smikle failed to respond to either defendants' amended statement of material facts within the 10-day period

---

[6] Although Smikle submitted an affidavit in support of his previously unsuccessful motion for summary judgment, this too is devoid of specific evidence. (Dkt. No. 18, Attach. 1.) Instead, Smikle speculates with uncertainty that there were two separate instances during which he may have been implanted with an RFID chip. (*Id.* at 2.)

7

provided by the court.[7]  (Dkt. No. 109.)  Because Smikle failed to produce any specific evidence that a genuine issue of material fact exists, summary judgment in favor of Albany County is appropriate.  *Kerzer*, 156 F.3d at 400.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Albany County defendants' motions for summary judgment (Dkt. Nos. 92, 93) are **GRANTED** and that all claims against defendants are **DISMISSED**; and it is further

**ORDERED** that the clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties by mail and certified mail.

**IT IS SO ORDERED.**

January 26, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court

---

[7] Smikle was given an initial ten day window within which to respond to ACCF's amended statement of material facts.  (Dkt. No. 112.)  At the close of that ten day period, the Albany County Sheriff's Department filed a substantially similar amended statement of material facts.  (Dkt. No. 114.)  Following the Sheriff Department's January 10, 2012 filing, Smikle was provided an additional ten days within which to respond.  Smikle failed to respond to either submission.